■ LAURIE VISUAL ETUDES, INC., Respondent, v CHESEBROUGH-POND'S, INC., Appellant. — Judgment, Supreme Court, New York County (Wallach, J.), entered October 27, 1980, which awarded plaintiff the sum of $1,511,054.27 against the defendant, reversed, on the law, and matter remanded for a new trial limited to the issue of whether plaintiff may recover any damages for the materials furnished to the defendant in the course of their negotiations, without costs. The background facts have been fairly stated in the opinion at Trial Term (105 Misc 2d 413; see, also, 473 F Supp 951 [dismissal of antitrust claim]). The trial court dismissed defendant Chesebrough's affirmative defense that plaintiff Laurie could not recover because the concept for the breath exercise device had been made public with the issuance of the Hanson patent in 1972. It found that plaintiff had a valid cause of action because the information was acquired by the defendant in the course of confidential communications (105 Misc 2d 413, 421). The trial court's conclusion in this

regard was incorrect. Under New York law, a plaintiff may not recover for a trade secret when the novelty of the idea has been lost through the issuance of a patent *(Ferber v Sterndent Corp.,* 51 NY2d 782). Had there never been negotiations between the parties, there can be no doubt that the defendant, without infringing upon the Hanson patent, could have used the information provided in that patent to develop its own breath exercise devices. To the extent that those devices could eventually have been developed by defendant through the availability of the Hanson patent and the independent use of its own resources, there is no merit to the complaint. In actuality, however, defendant patented two devices known as Uniflo and Triflo. These devices were built by the defendant after it had access to certain materials provided by plaintiff. These materials included, *inter alia,* (i) reports from physicians as to the possible medical uses of a breath exercise device, (ii) a prototype developed by Chanal Plastics Corp., and (iii) blueprints that were not part of the patent filing. It is questionable whether these materials (i) were merely duplicative of the information already provided in the patent filing or (ii) provided additional information that facilitated the development of Uniflo and Triflo in a meaningful way. If the materials were merely duplicative, then plaintiff may not recover for providing that information to the defendant. To the extent that these materials provided additional information that effectively assisted the defendant in the development and refinement of Uniflo and Triflo, then plaintiff is entitled to recover if it can show that defendant competed unfairly or breached its fiduciary duty or both. Even though damages may be *de minimis,* plaintiff should be permitted to seek redress *pro tanto.* The trial court found that defendant had competed unfairly and had breached its fiduciary duty. However, it reached the final determination based upon an erroneous conclusion as to the state of the law in New York. Since it is not totally clear whether the trial court would have reached the same result upon application of the correct law in this area, the judgment should be reversed and the case remanded for a new trial limited to the issue of whether plaintiff may recover any damages for the materials furnished to defendant in the course of their negotiations. Recovery of course, must be predicated on a finding that defendant competed unfairly and/or breached a fiduciary duty. Concur — Murphy, P. J., Kupferman, Birns and Markewich, JJ.

Silverman, J., dissents in part in a memorandum as follows: I would not order a new trial but would dismiss the complaint. It is a basic principle of patent law that in exchange for the patent monopoly, the patent holder must make a complete disclosure as to the invention, including the basic idea of the invention, its utility, and a physical embodiment of the patent (cf. *Ferber v Sterndent Corp.,* 51 NY2d 782; *Platzman v American Totalisator Co.,* 45 NY2d 910), and the patent holder is the last one in the world who should be permitted to contend there is more to his invention or idea that was not disclosed in the patent. "We would remind them [patent applicants] that if they have in truth invented something which promotes the progress of science and the useful arts, then in exchange for a patent grant they must make a full and complete disclosure of their invention, leaving nothing to speculation or doubt. That Congress so intended is evident from the strong and comprehensive language of Section 112 which appellants here have filed to satisfy." *(Matter of Lorenz,* 305 F2d 875, 878.) Section 112 of title 35 of the United States Code provides with respect to patent applications: "The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention." Surely the

furnishing of a prototype and blueprints is merely a duplication of the required patent disclosure. And the statement by physicians that there are possible medical uses for the device must be deemed to be little more than a reaffirmation of the patent holder's own statement that the device may be used for medical purposes. The furnishing of these minor materials should not be permitted to be used by the patent holder as a pretext for eroding the basic statutory and I think constitutional requirement of full public disclosure by the patent holder. [105 Misc 2d 413.]